IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| In re: | ) | Case No. 15-57690 |
| | ) | |
| JOHN ALBERT HITCHCOCK AND | ) | Chapter 13 |
| JESSICA MARIE HITCHCOCK, | ) | |
| Debtors. | ) | Judge Preston |
| | ) | |
| _____ | ) | |
| Creditor: U.S. Bank, N.A., *et al.* | ) | |
| Servicer: BSI Financial Services | ) | |
| Address: | ) | |
| 1425 Greenway Drive, Suite 400 | ) | |
| Irving, TX 75038 | ) | |

**OBJECTION OF UNITED STATES TRUSTEE TO CLAIM OF U.S. BANK, N.A.,
*et al.* (Claim No. 12-1) and RELATED NOTICE OF PAYMENT CHANGE
(Docket No. 43)**

Daniel M. McDermott, United States Trustee ("U.S. Trustee") for Region 9, objects to Claim No. 12-1 of U.S. Bank, *et al.* ("Claimant"), c/o its mortgage loan servicer, BSI Financial Services, 1425 Greenway Drive, Suite 400, Irving, TX 75038. The U.S. Trustee specifically objects to the Notice of Mortgage Payment Change ("Notice," Docket No. 43) linked to Claimant's Claim No. 12-1 ("POC"). The U.S. Trustee moves this Honorable Court for an order disallowing in part the increased payment reflected in the Notice.

### MEMORANDUM IN SUPPORT
### I. VENUE

1.  This court has jurisdiction under 28 11 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### II. STANDING

2.  Any "party in interest" may object to a proof of claim.[1] The U.S. Trustee is a party in interest.[2] The U.S. Trustee "may raise and may appear and be heard on any

---

[1] 11 U.S.C. § 502(a).

[2] *A-1 Trash Pickup, Inc. v. United States Trustee* (*In re A-1 Trash Pickup, Inc.*), 802 F.2d 774, 775 (4th Cir. 1986) (holding United States Trustee a "party in interest" with standing to file a

issue in a case or proceeding…but may not file a plan."[3]

3. Debtors may lack the incentive to raise the issue argued in this Objection because objecting may not impact the net amount they must pay into the Plan. But if Claimant's POC cannot be verified, or is filed out of Rule, and Debtors pay Claimant more than what is actually due, then unsecured creditors likely will receive less. Therefore, it is appropriate for the U.S. Trustee to object absent Debtors' own objection to the claim. In this case, no party has yet filed an Objection to the Notice.

### III. FACTS

4. Debtors filed their petition for relief under Chapter 13 of the United States Bankruptcy Code on November 30, 2015 (Docket No. 1).

5. Debtors' Chapter 13 plan was confirmed on February 18, 2016 (Docket No. 24).

6. On August 11, 2017, the original Claimant filed its POC asserting an arrearage in the total amount of $42,904.88. The POC provides that the claim is based on money loaned and secured by real property. Of that amount, $17,218.02 is claimed as an escrow deficiency for funds advanced, and $1,450.83 is claimed as an escrow shortage (for an aggregate of $18,668.85). (*See,* Court Claims Register, Claim No. 12-1, page 4).

7. On June 25, 2018, Claimant filed its Notice of Mortgage Payment Change which increased Debtors' escrow payment from $310.69 monthly to $590.75 monthly. (*See,* Docket No. 43, page 1).

8. Of that $590.75 proposed escrow payment, $258.39 is for a "shortage payment" designed to repay an "escrow shortage" of $3,100.68 over 12 months. (*See,* Docket No. 43, page 3).

9. The U.S. Trustee's asserts that Claimant did not credit the Notice escrow analysis for amounts to be repaid to escrow via the POC escrow arrears portion aggregate.

10. Claimant's failure to properly credit the current escrow analysis for

---

motion to dismiss or convert under § 1112).

3 11 U.S.C. § 307; *see also* 28 U.S.C. § 586(a)(5).

amounts to be repaid to escrow via the POC arrears escrow portion aggregate creates a doubling of that claim recovery.

11.     Moreover, Claimant did not file a Notice in 2018.   Logically, the escrow shortage of $3,100.68 contains at least some portion of shortage which arose in the 2018 escrow analysis cycle, but was not properly noticed.

12.     It is appropriate for Claimant to waive collection of any unnoticed post-petition escrow charges that resulted from Claimant's failure to conduct an escrow analysis and/or file an NPC for the past year, 2018.[4]

### IV. OBJECTION

13.     The U.S. Trustee objects to Claimant's POC and/or Notice because "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."[5]  Generally, a properly filed POC has prima facie validity under § 501, § 502, and Federal Rule of Bankruptcy Procedure 3001.[6]

14.     In 2011, the Federal Rules of Bankruptcy Procedure were amended to include Rule 3002.1, which provides (in pertinent part):

> **Rule 3002.1 Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence**
>
> (a) In General.   This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.
>
> (b) Notice of Payment Changes.   The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

---

4 The prior mortgage servicer of the loan, Wells Fargo, filed a Notice on May 15, 2017, effective July 1, 2017 (Docket No. 36).   Claimant did not file any Notices until May 2019, despite having the loan assigned to it in 2017 (Assignment of Claim at Docket No. 37;   Request for Notice at Docket No. 38).

5  11 U.S.C. § 502(b)(1).

6  *See, e.g. In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

3

> (c) Notice of Fees, Expenses, and Charges.  The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.  The notice shall be served within 180 days after the date on which the fees, expenses or charges are incurred... (emphasis added)

15. FED.R.BANKR.P. 3002.1 provides important protections.  For example, the Rule permits a creditor to file a Notice of Payment Change to cover additional amounts over and above those known at the time of plan confirmation in exchange for a creditor providing adequate and timely notice to the court, the debtor, the debtor's counsel, and the trustee.[7]  This is necessary to "permit the debtor or trustee to challenge the validity of any . . . charges . . . and to adjust postpetition mortgage payments to cover any undisputed claimed adjustment."[8]

16. Similarly, the rule permits a creditor to file a Notice of Fees, Expenses, and Charges, in exchange of providing debtor, debtor's counsel and the trustee the ability to assess the validity, amount, and origination of the fees, expenses, and charges being claimed.[9]  It provides a mechanism for review of the expenses claimed and an avenue for objection.  Those amounts then are paid over the course of the Plan, or outside of the Plan, as determined by local rule, function of law or accepted practice.

17. Claimant's Notice in this case was timely and is procedurally correct.  But the Notice's payment increase is inappropriate because it increases Debtors' escrow payment by $258.39 per month, likely in an attempt to recoup escrow that is part of the original POC, and/or as a direct result of Claimant's failure to run an escrow analysis or notice an escrow payment change in 2018.

18. While FED.R.BANKR.P. 3002.1 does not specifically address mathematics, it does allow for review by trustees and debtors.  Absent an objection by the trustee or debtors, the U.S. Trustee may seek to step forward and be heard.  In particular, when

---

7  FED. R. BANKR. P. 3002.1(b).

8  2011 Advisory Committee Note to FED. R. BANKR. P. 3002.1.

9  FED. R. BANKR. P. 3002.1(c).

4

issues of a material and substantive nature are discovered or suspected, it is imperative that the Court be apprised because harm may come to debtors or other creditors if left unaddressed during the pendency of the Plan. In this case, the monthly payment increase is both substantive and material.

19. Claimant is attempting to recover the escrow shortage and deficiency twice by virtue of listing the deficiency in the POC, as well as accounting for the deficiency in the Notice, totaling $3,100.68. Claimant should not be permitted to collect monies it is not entitled to. If Claimant collects those monies, an escrow overage would eventually result. This action runs counter to sound fiscal practice and draws away funds that may otherwise be available to other creditors.

20. Further, Claimant failed to file an Notice in 2018 and it is appropriate for Claimant to waive collection of any unnoticed post-petition escrow charges that resulted from Claimant's failure to conduct an escrow analysis and/or file a Notice for the past year.

### V. CONCLUSION

21. Claimant's escrow analysis is erroneous and seeks to accelerate repayment of a pre-petition escrow shortage and/or collect on escrow payment adjustments/charges for 2018 which were not noticed. The Notice should be stricken in part and Debtors' mortgage payment as of June 1, 2019, should be set at $839.06 (which reflects principal and interest of $506.70 and ongoing escrow payments for future taxes and insurance of $332.36).

WHEREFORE, the United States Trustee respectfully requests that this Honorable Court sustain his objection and

(1) disallow Claimant's Notice (Docket No. 43), in part;
(2) disallow the proposed escrow shortage in the Notice in the amount of $3,100.68;
(3) set Debtors' monthly mortgage payment at $839.06 ($506.70 for principal and interest and $332.36 for escrow);
(4) order Claimant to adjust its records to reflect the reduction;
(5) order Claimant to run an escrow analysis consistent with this objection; and,

(6) grant such other relief as this Honorable Court deems just and proper.

Dated:   May 14, 2019                          DANIEL M. MCDERMOTT
                                               UNITED STATES TRUSTEE FOR REGION 9

                                                _/s/ Pamela Arndt_
                                               Pamela Arndt (0068230)
                                               Attorney for the U.S. Trustee
                                               170 North High Street, Suite 200
                                               Columbus, OH   43215
                                               Telephone:   (614) 469-7411 ext. 228
                                               Facsimile:   (614) 469-7448
                                               Email:   Pamela.D.Arndt@usdoj.gov

## NOTICE OF OBJECTION TO CLAIM

The United States Trustee has filed papers with this Court requesting the relief sought in the OBJECTION enclosed with this NOTICE.

YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief requested in the enclosed OBJECTION, or if you want the Court to consider your views on the OBJECTION, **then on or before June 14, 2019**, you or your attorney must:

1. File with the Court a written response to the OBJECTION expressing your objection or viewpoint. The response is to be filed with the Clerk of the United States Bankruptcy Court at 170 North High Street, Columbus, OH 43215. If you mail your written response to the Court for filing by the Clerk, you must mail it early enough so that the Court will receive it on or before the date stated above.

2. You must also mail a copy of the written response to the Debtors and their Attorney at the addresses listed on the front of the paper entitled Certificate of Service.

3. You must also mail a copy of the written response to The United States Trustee, ATTN: Pamela Arndt, 170 N. High Street, Suite 200, Columbus, OH 43215

4. You must attend any Court hearings scheduled to consider this OBJECTION. The Court will likely schedule an oral hearing and serve only those parties which have in fact filed a response.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the OBJECTION and may enter an order granting that relief.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on or about May 14, 2019, a copy of the foregoing OBJECTION OF UNITED STATES TRUSTEE TO CLAIM OF U.S. BANK, N.A., *et al.* (Claim No. 12-1) and RELATED NOTICE OF PAYMENT CHANGE (DN 43) was served (1) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (2) on the following by ordinary U.S. Mail addressed to:

John Albert Hitchcock
211 Sturbridge Road
Columbus, OH 43228

Jessica Marie Hitchcock
211 Sturbridge Road
Columbus, OH 43228

Mark Albert Herder, Esq.
1031 E. Broad Street
Columbus, OH 43205

BSI Financial Services
1425 Greenway Drive, Ste. 400
Irving, TX 75038

BSI Financial Services
314 S. Franklin Street, 2nd Floor
P.O. Box 517
Titusville, PA 16354

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705

Educational Credit Management Corporation
P.O. Box 16408
St Paul, MN 55116-0408

                                                          */s/ Pamela Arndt*
                                                          Pamela Arndt